IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES F. HODGES,                          )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )Civil Action No. 3:06-cv-646-TFM
                                          )        [wo]
LINDA S. McMAHON,[1]                      )
ACTING COMMISSIONER OF SOCIAL             )
SECURITY,                                 )
                                          )
          Defendant.                      )

## MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits (DIB) and

supplemental security income under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401

*et seq.*, James F. Hodges ("Hodges") received a requested hearing before an administrative law judge

("ALJ") who rendered an unfavorable decision.   When the Appeals Council rejected review,  the

ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

Judicial review proceeds pursuant to 42 U.S.C. §§  405(g) , 1383(c)(3), and 28 U.S.C. § 636(b)(2),

and for reasons herein explained,  the court AFFIRMS THE COMMISSIONER'S decision.

## I.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited.   The court cannot

conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v.*

---

[1]Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

*Schweiker*, 672 F.2d 835 (11ᵗʰ Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11ᵗʰ Cir. 1999), *citing Graham v. Apfel*, 129 F. 3d 1420, 1422 (11ᵗʰ Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.   ADMINISTRATIVE FINDINGS

Hodges, age 32 at the time of the hearing, has a high school education. Hodges's past work experience includes employment as a welder and a finisher. He has not engaged in substantial

gainful work activity since the alleged onset date of July 1, 2001. His application for benefits under the Act cited the following conditions as grounds for his disability: back pain, broken hip, inability to use right hand due to gunshot wound, and ulcerative colitis. The ALJ determined that Hodges was severely impaired by traumatic arthritis of the right hip, post major trauma to the right hand, and chronic mid-back pain. Hodges' colitis had not imposed any significant restriction upon his ability to perform basic work activities because his single instance of the illness since his alleged onset date of disability was resolved within one month. Thus, even though the ALJ concluded that Hodges' did present impairments which were "severe" within the meaning of the Act, he found that they did not meet or equal in severity any impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ found that Hodges' allegations of pain and functional limitations were not credible, and that he retained the residual functional capacity ("RFC") to perform a range of sedentary or light work. While Hodges' RFC would not permit him to resume his past relevant work, he would be able to work as a gate guard job, night guard, polisher, or inspector. Accordingly, the ALJ concluded that Hodges is not disabled.[2]

### III. ISSUE

Hodges specifies a single issue for this judicial review:[3]

The ALJ committed an error of law by failing to properly apply the Eleventh Circuit

---

[2]R. 21, 23. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[3]*See* Plaintiff's Brief in Support of Complaint ("*Pl.'s Br.*") at 1 (Doc. 13, filed November 29, 2006) *and* Order filed July 21, 2006 (Doc. 4)(directing Plaintiff to a brief in support of his claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

standard for evaluating disability due to pain in this case.

## IV.   DISCUSSION

### The ALJ Correctly Evaluated Hodges' Allegations Of Pain In This Case

Hodges contends that the evidence in the record established a reasonable medical basis for his complaints of severe and debilitating pain, and that the ALJ failed to correctly evaluate that evidence pursuant to *Wilson v. Barnhart*, 284 F.3d 1219 (11th Cir. 2002). The Commissioner responds that the ALJ properly considered the credibility of Hodges' subjective complaints. The court agrees that the ALJ gave well-reasoned grounds for his rejection of Hodges' allegations and testimony of disabling pain, and therefore, correctly applied the *Wilson* test for pain evaluation.

*Wilson* restated the Eleventh Circuit's approved criteria for establishing a disability based on testimony of pain and other symptoms. The decision explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson, id.* at 1225 (citations omitted). In evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). In addition, the ALJ in this case noted he could consider other factors relevant to the claimant's symptoms, including "the location, duration, frequency and intensity of symptoms;" and

the "the type, dosage, effectiveness and side effects of any medication."[4]

The ALJ found that Hodges was severely impaired by traumatic arthritis of the right hip, post major trauma to the right hand, and chronic mid-back pain.[5] These findings arose from the record evidence showing that Hodges had suffered a gunshot wound to his right hand in 1999, undergone multiple surgeries, and that he had limited use of the hand.  Hodges claimed that his hand pain was, on average, a level four to five on a scale of one to ten, but that it worsened at some point every day to a level eight and one-half.[6]  Hodges stated that walking or standing a lot produced hip pain, a consequence of a broken hip suffered in a 1994 automobile accident.[7]  Hodges also stated that he suffered back pain, classified  as a level nine on a scale of one to ten, "most of the time."[8]  Hodges told the ALJ that he had not received any prescriptions for pain relief, but used over the counter remedies.[9]  He also stated that he had not sought work because of his hand and back, and that doctors did not think he "could do anything with his hand."[10]

The ALJ reviewed the objective medical information contained in the record.  Although several physicians had examined Hodges' back, hand, and hip, none found him unable to work due

---

[4]R. at 18, citing SSR 96-7p..

[5]R. at 18.

[6]R. at 15, 519.

[7]R. at 15, 16.

[8]R. at 15, 520.

[9]R. at 16, 523.

[10]R. at 514.

to any single impairment.[11]  *See Falge v. Apfel*, 150 F.3d 1320, 1324 (11th Cir. 1998) (finding ALJ's conclusion that claimant could still perform sedentary work was supported by four doctors).  The ALJ noted that Hodges did not seek medical care from Dr. Richard Meyer, the orthopedic surgeon who performed multiple surgeries on Hodges' hand following the gunshot wound, between April, 2001, and September, 2003, when he was involved in an automobile accident which reinjured his right hand.[12]  The ALJ stated that it was "unlikely that a person experiencing the disabling level of right hand pain and limitations the claimant has alleged would have failed to mention this to his treating orthopedic surgeon."[13]  Three other physicians who examined Hodges' hand found that he could use the hand, with varying opinions of the amount of use possible.  These reports ranged from "good functional use" to significant impairment regarding lifting, carrying, or handling heavy objects.  One physician specifically found that Hodges could perform a range of sedentary or light work on a sustained basis, and none of the physicians reported that he had disabling right hand pain or limitations.[14]

The ALJ saw a similar pattern in Hodges' failure to seek medical treatment for back pain.  It was noted that none of the physicians who treated or examined Hodges reported disabling back pain or limitations.  Dr. Bryan Terry examined Hodges in March, 1999, two years before the date of alleged disability.   Dr. Terry diagnosed old thoracic compression and referred him to a neurosurgeon, Dr. Mark Goldman.  On March 30, 1999, Dr. Goldman diagnosed Hodges as

[11]R. at 19.

[12]R. at 16, 19.

[13]R. at 19.

[14]R. at 19

6

neurologically normal with mechanical back pain, and found that he could return to his regular activities without restriction.[15]   Other physicians who examined Hodges found that his back pain, or limitations therefrom, were no more than mild to moderate.[16] One such examination by Dr. Russell Peterson in April, 2001, reported that Hodges took part in his daily activities without difficulty and could work at an office or desk job.[17]   Dr. Al Vester examined Hodges in May, 2002, and found that he was moderately limited due to his back problems and severely limited in the use of his right hand.[18]   Hodges was not taking medication for his back pain at the time of his examination by Dr. Vester.[19] An examination by Dr. Lewis Slavich in June, 2003, found that Hodges was significantly impaired in the use of his right hand and wrist, but that other functions were unimpaired.[20]   Hodges reported to Dr. Slavich that he had Lorcet for pain medication, but that he did not take them.[21]   *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citing claimant's lack of consistent complaints, treatment, and use of pain medication in affirming ALJ's conclusion that "pain standard" was not met.)

Here, the ALJ concluded that Hodge's subjective complaints were not credible for the following reasons: (1) he reported daily activities to his treating and examining physicians which are

---

[15]R. at 16.

[16]R. 19-20.

[17]R. at 16, 19.

[18]R. at 17, 19.

[19]R. at 20.

[20]R. at 17, 20.

[21]R. at 20.

7

inconsistent with this allegations at the hearing and inconsistent with disabling pain and limitations; (2) at the time of the hearing, he was currently without prescriptions for pain medication and had reported during examination by Dr. Slavich that he had Lorcet for pain, but did not take it; (3) the record reflected a significant period of time (March, 1999 through October, 2005) during which he did not seek any treatment for back pain.[22]  This statement of explicit reasons for the ALJ's rejection of Hodges' subjective testimony satisfy the requirements in the Eleventh Circuit. *Wilson, id.* at 1225. The ALJ was entitled to consider the lack of pain complaints in written reports by Hodges treating and examining physicians, and the fact that he did not have any pain prescriptions at the time of his hearing.  *Dyer, id.* at 1211; *see also Watson v. Heckler*, 738 F.2d 1169, 1172-73 (11th Cir. 1984) (noting that, when considering allegations of pain, an ALJ must weigh the overall record, including frequency of treatment, use of medications, and conflicting statements).  Hodges demonstrated the underlying medical conditions required under *Wilson*, but did not show objective medical evidence confirming the severity of the alleged pain, or show that the medical condition could produce the pain claimed during his administrative hearing.  Rather, the record showed that pain was not a large issue in the treatment Hodges received.

In a side issue not set forth in Hodges' brief, he contest the ALJ's finding that jobs exist in the national economy which he is able to perform.  The ALJ noted that no treating or examining physician reported that Hodges was disabled due to any impairment or combination of impairments since July 1, 2001, and that he was capable of performing work at the sedentary or light level on a

---

[22]R. at 20-21.

sustained basis.[23]  *Falge*, *id*. at 1324.  The appropriate limitations were posed to the vocational expert during the administrative hearing, and various occupations which Hodges is capable of performing were listed.[24]

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The record shows that Hodges' subjective complaints of pain were incredible, and that he is able to perform work at the sedentary or light level on a sustained basis.  Thus, Hodges failed to meet his burden of proof, and the ALJ did not err in his evaluation of Hodge's subjective complaints of pain.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.


Done this 8th  day of February, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

[23]R. at 20.

[24]R. at 527.